CARLE, MACKIE, POWER & ROSS LLP
WILLARD A. CARLE III (SBN 95703)
*(bcarle@cmprlaw.com)*
RICHARD C. O'HARE (SBN 167960)
*(rohare@cmprlaw.com)*
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707

Attorneys for Plaintiff CAFE FOUNDATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAFE FOUNDATION, INC., a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRIEN A. SEELEY, M.D., an individual; and SUSTAINABLE AVIATION FOUNDATION, INCORPORATED, a California corporation,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**<br><br>1. Federal Unfair Competition 15 U.S.C. § 1125(a)<br>2. Cal. Unfair Competition B&P Code § 17200 et seq.<br>3. Common Law Injury to Business Reputation<br>4. Common Law Unfair Competition<br>5. Common Law Trademark Infringement<br>6. Intentional Interference with Prospective Business Advantage<br>7. Conversion<br>8. Breach of Fiduciary Duty<br>9. Declaratory Relief<br><br>*JURY TRIAL DEMANDED* |

Plaintiff CAFE FOUNDATION, INC., a California nonprofit public benefit corporation ("CAFE Foundation" or "Plaintiff"), by and through its attorneys Carle, Mackie, Power and Ross LLP, as and for its Complaint against Defendants, BRIEN A. SEELEY, M.D. and SUSTAINABLE AVIATION FOUNDATION, INCORPORATED ("Defendants") alleges as follows:

**NATURE OF ACTION**

1. CAFE Foundation was founded over thirty-four years ago to create and advance

1  the understanding of personal aircraft technologies through research, analysis, and education.
2  During those thirty-four years the CAFE Foundation, the foundation has successfully pursued its
3  mission, creating among other things the annual Electric Aircraft Symposium ("EAS") and the
4  Personal Aircraft Design Academy ("PADA").  In October of 2015, after a disagreement with
5  other members of the CAFE Foundation's board of directors, Defendant Seeley, the President
6  from the foundation's inception, resigned from the CAFE Foundation and, upon information and
7  belief, immediately formed Defendant Sustainable Aviation Foundation, Incorporated.  Upon his
8  departure, Defendant acted as if many of the assets of the CAFE Foundation were his personal
9  assets for the taking.  Of immediate concern to the CAFE Foundation is that soon after
10 Defendant Seeley's resignation, Defendants scheduled a symposium for electrical aviation
11 technology for May 6 and 7, 2016 and promoted this symposium to prospective speakers and
12 attendees as the tenth annual Electric Aircraft Symposium, EAS2016 – giving the false
13 impression that this symposium is the CAFE Foundation's tenth annual Electric Aircraft
14 Symposium which had been scheduled to take place just a week earlier.
15         2.      For the last nine years, the CAFE Foundation has put on the Electric Aircraft
16 Symposium to elucidate and advance the many technologies pertaining to electrically powered
17 aircraft.  The symposium is known to those knowledgeable in the field of electrical aviation as
18 "EAS" and the ninth annual symposium, "EAS 2015" was held by the CAFE Foundation on May
19 1 and 2, 2015.  This action arises out of, inter alia, Defendants' use of "Electric Aircraft
20 Symposium" and "EAS" to advertise their own symposium for electrical aircraft technology in a
21 way that is likely to cause confusion, mistake and to deceive the consuming public and those in
22 the field of electrical aviation as to the affiliation and connection of Defendants' symposium with
23 the CAFE Foundation and with the CAFE Foundation's planned tenth annual Electric Aircraft
24 Symposium, "EAS X."
25         3.      Defendant Brien A. Seeley, M.D., a founder of the CAFE Foundation and its
26 President for the last 34 years, resigned from the CAFE Foundation on October 15, 2015, after a
27 disagreement with other members of the CAFE Foundation's board of directors.  Plaintiff is
28 informed and believes that at the time of his resignation, Defendant Seeley immediately founded

Defendant Sustainable Aviation Foundation for the purpose of pursuing his own interests in electrical aviation instead of those of the CAFE Foundation. Plaintiff is further informed and believes that upon his resignation Defendant Seeley intended take many of the CAFE Foundation's assets to his new foundation as if they were his own. Soon after Defendant Seeley resignation from the CAFE Foundation, the Defendants began promoting a symposium for electric aircraft technology and advertised and promoted this symposium as the tenth-annual Electric Aircraft Symposium and as "EAS2016."

4. Despite the CAFE Foundation's written requests, Defendants refused to cease their use of "Electric Aircraft Symposium" and "EAS" and continued to market and promote their symposium to prospective speakers and attendees as the Electric Aircraft Symposium and EAS2016, passing off their symposium as that of the CAFE Foundation.

5. In addition to usurping the CAFE Foundation's rights and goodwill in its Electric Aircraft Symposium and its "EAS' mark, upon his resignation Defendant Seeley either misappropriated or refused to grant the CAFE Foundation access to many of the CAFE Foundation's other assets including: the CAFE Foundations' Green Flight Challenge trophy, a scale model of the Sky Taxi, numerous computer files, photographs, a contact list, a hard disk with video footage of EAS 2015, another hard disk (Seagate Backup Plus Slim 1 TB), 1 Fry's video mic and speakers, 2 EmTec 32GB USB 2.0, and numerous other 16GB and 4GB flash drives, cables and adapters, and online accounts at GoDaddy, Media Temple, EventBrite, Google Docs, DUNS, and Google Analytics.

6. Defendant Seeley is also claiming personal ownership of the CAFE Foundation's Personal Aircraft Design Academy ("PADA"), an annual colloquium for leading aircraft designers, enthusiast and aero engineers and the "PADA trophy," a trophy constructed at the CAFE Foundation's expense and awarded each year at PADA's annual event.

7. Additionally, Defendant Seeley claims personal ownership of the copyright to a paper entitled "Regional Sky Transit" that was submitted to the American Institute of Aeronautics and Astronautics. The paper was written by Defendant Seeley and others as part of Defendant Seeley's activities with the CAFE Foundation.

8. Also, Plaintiff is informed and believes that Defendants have been representing to the aviation community that they were responsible for the Green Flight Challenge, a NASA Centennial Challenge, when it was in fact the CAFE Foundation that hosted and organized this competition in 2011 for NASA.

9. Additionally, it has come to the attention of the CAFE Foundation that during his tenure as president of the CAFE Foundation, Defendant Seeley submitted numerous requests for reimbursement of personal expenses and that the CAFE Foundation inadvertently paid Defendant Seeley for these personal expenses.  These expenses include:  $22.46 for a Snoopy and Woodstock mug and a compact disc purchased at FedEx Office in Santa Rosa on November 13, 2012; $52.00 for a book "Contagious Why Things Catch On" purchased at Copperfield's Books on June 10, 2013; a $10 donation to the Red Cross made on June 22, 2013; $378.46 at a steakhouse in Sacramento on October 22, 2013; $49.99 for a neck pillow and Hillary Rodham Clinton Book at Atlanta International Airport on June 22, 2014; $50.32 for dinner at Terrace Grill on May 12, 2015; $125 for a flight physical on June 23, 2015; and $14.95 for a tee-shirt on July 24, 2015 – for a total of $703.18.

10. Accordingly, the CAFE Foundation brings this action for unfair competition and false designation of origin in violation of § 43 of the Lanham Act, 15 U.S.C § 1125(a), for unfair competition arising under Cal. Bus. & Prof. Code 17200 et seq., for common law injury to business reputation, for intentional interference with prospective business advantage, for unfair competition and trademark infringement under the common law of the State of California, for conversion, for breach of fiduciary duty, and for declaratory relief.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. § 1121.  This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and in this judicial district ("district"), directed their activities to the State of

California and this district, committed the tort of infringement in this district, and/or expected or should reasonably have expected their acts to have consequences in the State of California and this district.

13. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because Defendants are conducting business in this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, and upon information and belief, Defendant Sustainable Aviation Foundation, Incorporated is an entity with the capacity to sue and be sued in its common name and is subject to personal jurisdiction in this district.

## THE PARTIES

14. Plaintiff the CAFE Foundation is, and at all times mentioned herein was, a corporation existing under the laws of the State of California, having a principal place of business in Sonoma County, California.

15. Upon information and belief, Defendant Brien A. Seeley, M.D. is, and at all times mentioned herein was, an individual residing in Sonoma County, California.

16. Upon information and belief, Defendant Sustainable Aviation Foundation, Incorporated is a California corporation, founded by Defendant Seeley with its principal place of business in Sonoma County, California.

## FACTUAL BACKGROUND

17. For nine years, the CAFE Foundation has put on the Electric Aircraft Symposium which has come to be known to those in the industry as EAS. The symposiums feature renowned experts in the field of electrical aviation technology from companies and educational institutions all over the world such as: NASA, Boeing, Northrup Grumman, Airbus, Electravia France, Stanford University, Lawrence Livermore Laboratory, University of Michigan, and the University of Miami, to name a few. The symposiums attract hundreds of attendees and have become the CAFE Foundation's major fundraising event.

18. On October 15, 2015, after 34 years as President of the CAFE Foundation's board of directors, Defendant Seeley had a disagreement with other members of the board and resigned. (Attached hereto as Exhibit A is a true and correct copy of Defendant Seeley's

resignation letter).  Plaintiff is informed and believes that at the time of his resignation, Defendant Seeley formed Defendant Sustainable Aviation Foundation with the intent of causing the CAFE Foundation harm by usurping the Electric Aircraft Symposium and other assets of the CAFE Foundation.

19. Soon thereafter, Defendants began promoting a tenth annual Electric Aircraft Symposium as if it were one and the same as the Electric Aircraft Symposium sponsored by the CAFE Foundation.  Defendants chose a date for their symposium in early spring 2016, the same time that the CAFE Foundation's tenth annual Electric Aircraft Symposium (EAS X) is to occur.  Plaintiff is informed and believes that Defendants recruited speakers and sold tickets for its symposium representing to the prospective speakers and attendees that the symposium was the tenth annual Electric Aircraft Symposium.

20. Defendants launched websites at domains named http://sustainableaviation.org and http://eas2016.com, to inter alia, promote their symposium for electric aircraft technology.  (Attached hereto as Exhibit B are true and correct copies of webpages printed from Defendants' websites on January 6, 2016.)  Defendants' websites were clearly designed to promote their symposium as being associated with, and a continuation of, the CAFE Foundation's nine previous Electric Aircraft Symposiums.  The websites expressly provided: "After 9 years of assembling the annual EAS programs, I can already tell that this 10th Annual is going to surpass them all."  The websites also included "EAS 2015 Gallery" pages which displayed photographic images taken at the CAFE Foundation's ninth annual Electric Aircraft Symposium "EAS 2015".  Furthermore, Defendants' web pages are designed to mimic web pages the CAFE Foundation used to advertise and promote EAS 2015.  Some of the similarities include: the use of the designation "EAS" followed by the year as the name of the conference ("EAS 2015" and "EAS2016"); photographs of the same aircrafts; and, the use of similar fonts and layouts.  (Attached hereto as Exhibit C are true and correct copies of web pages printed from the CAFE Foundation's website promoting its EAS 2015).

21. Plaintiff is informed and believes that on or about January 25, 2016, after engaging at least 10 speakers and selling an unknown number of tickets to their symposium,

1  Defendants changed the name of their symposium on their website from EAS2016 to SAS2016.
2  The change has little effect on clarifying that this is neither a CAFE Foundation event nor an
3  extension of the annual EAS events.  Google search results for EAS and the domain name
4  "EAS2016.com" still link to the website promoting Defendants' symposium and the moniker
5  "SAS" is confusingly similar to the CAFE foundation's EAS service mark.

   22. As President of the CAFE Foundation for 34 years, Defendant Seeley had possession of many of the CAFE Foundation's assets including documents, photographs, a contact list and other files which were stored electronically on a MacBook Pro computer purchased by the CAFE Foundation at the behest of Defendant Seeley for Defendant Seeley's use in connection with the CAFE Foundation business.

   23. At the time of his resignation, Defendant Seeley returned the MacBook Pro computer to the CAFE Foundation but did not provide the CAFE Foundation with the password needed to access the files on the computer.  When asked for the password, Defendant Seeley represented that he could not recall the password and told the CAFE Foundation that he had never used the MacBook Pro and that there were no files on the computer other than those that came installed when it was purchased.  The CAFE Foundation retained an expert who was able to bypass the password on the computer only to find that the files thereon had been encrypted or were missing.

   24. During his 34 year tenure as President of the the CAFE Foundation, Defendant Seeley also arranged for and controlled many of the CAFE Foundation's online assets and web pages including online accounts at GoDaddy, Media Temple, EventBrite, Google Docs, DUNS, and Google Analytics.  Defendant Seeley has not provided any information or assistance to the CAFE Foundation to access or change the contact person for these accounts.

   25. As part of Defendant Seeley's activities for the CAFE Foundation, Defendant Seeley started the Personal Aircraft Design Academy – an invitation only dinner meeting held during the Experimental Aircraft Association's annual AirVenture in Oshkosh, Wisconsin.  Defendant Seeley also designed and helped construct a trophy, with materials paid for by the CAFE Foundation, to present annually at the dinner meeting to a recipient who has distinguished

himself in personal aircraft design. The CAFE Foundation paid for Defendant Seeley's transportation to and accommodations at this annual event. Defendant Seeley now claims that PADA and its trophy belong to him and not the CAFE Foundation.

26. Defendant Seeley's actions have been deliberate, willful, malicious and intentional and conducted with the intent of trading on the goodwill that inures to the CAFE Foundation and its Electric Aircraft Symposium and EAS mark.

27. This case is an exceptional case, entitling the CAFE Foundation to treble damages and attorneys' fees as allowed for under the Lanham Act and California law.

## FIRST CLAIM

## UNFAIR COMPETITION 15 U.S.C. § 1125(a)

28. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 27.

29. Defendants' use of the Electric Aircraft Symposium and EAS in connection with a symposium on electric aircraft technology is such a colorable imitation and copy of the CAFE Foundation's established service marks that Defendants' use thereof in the context of its symposium is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association with the CAFE Foundation's Electric Aircraft Symposium, or to deceive consumers as to the origin, sponsorship or approval of Defendants' symposium in violation of 15 U.S.C. § 1125(a).

30. Defendants' incorporation and use of the Electric Aircraft Symposium, EAS and EAS2016 in the promotion of their own symposium constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

31. Defendants' use of the Electric Aircraft Symposium, EAS and/or EAS2016 constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

32. Defendants' ongoing acts of unfair competition and false designation of origin are willful and deliberate, and result in substantial damage to the CAFE Foundation in an amount to be determined at trial.

///

///

## SECOND CLAIM

### UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 et seq.

33. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 32.

34. Defendants' actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

35. Pursuant to California Business and Professions Code § 17203, the CAFE Foundation is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

## THIRD CLAIM

### COMMON LAW INJURY TO BUSINESS REPUTATION

36. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 35.

37. Defendants' use of the Electric Aircraft Symposium, EAS and/or EAS2016 creates a likelihood of injury to the CAFE Foundation's business reputation because persons encountering the CAFE Foundation will believe that the CAFE Foundation is affiliated with, or related to, or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of their symposium, their other services and the nature of their business will injure the business reputation of the CAFE Foundation and the goodwill that it enjoys in connection with its Electric Aircraft Symposium and its service mark EAS.

## FOURTH CLAIM

### COMMON LAW UNFAIR COMPETITION

38. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 37.

39. Defendants' actions constitute unfair competition under the common law of the

CARLE, MACKIE, POWER & ROSS LLP

9

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

1  State of California.

2  40. Defendants' ongoing acts of unfair competition are willful and deliberate, and
3  result in substantial damage to the CAFE Foundation in an amount to be determined at trial.

## FIFTH CLAIM

## COMMON LAW TRADEMARK INFRINGEMENT

41. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 40.

42. The general consuming public of California recognizes Electric Aircraft Symposium and the EAS service mark as designating the CAFE Foundation as the source and provider of the symposium regarding electrical aviation technology. The CAFE Foundation has common law trademark rights in Electric Aircraft Symposium and the EAS Mark under California law.

43. Defendants' actions, as hereinbefore alleged, constitute trademark and service mark infringement in violation of the common law of the State of California.

44. Defendants' ongoing acts of infringement are willful and deliberate, and result in substantial damage to the CAFE Foundation in an amount to be determined at trial.

## SIXTH CLAIM

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

45. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 44.

46. The CAFE Foundation enjoys substantial goodwill with the former speakers and attendees at its EAS symposiums, as well as others in the field of electric aviation. The positive relationships the CAFE Foundation enjoys with these individuals will inure to its economic benefit through, inter alia, attendance at the CAFE Foundation's tenth annual Electric Aircraft Symposium, EAS X, and future events.

47. The Defendants knew of the existence of these relationships and intentionally disrupted these relationships by directly promoting their own symposium to these individuals in a manner which would make these individuals believe that Defendants' symposium was the CAFE

Foundation's next annual Electric Aircraft Symposium.

48. Plaintiff is informed and believes that various speakers and numerous attendees committed themselves to attend Defendants' symposium believing that it was the CAFE Foundation's symposium.

49. Defendants' actions were willful and deliberate, and are resulting in substantial damage to the CAFE Foundation in an amount to be determined at trial.

## SEVENTH CLAIM

## CONVERSION

50. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 49.

51. At all times herein mentioned the CAFE Foundation was, and still is, the owner and was, and still is, entitled to the possession and access to the following personal property: the various computer files created and saved on the CAFE Foundation's MacBook Pro Laptop, the CAFE Foundation's contact list, the CAFE Foundation's online accounts at Mail Chimp, Eventbrite, DUNS and Google Analytics, and a hard disk containing video of the CAFE Foundation's EAS 2015 event, another hard disk (Seagate Backup Plus Slim 1 TB), 1 Fry's video mic and speakers, 2 EmTec 32GB USB 2.0, and numerous other 16GB and 4GB flash drives, cables and adapters.

52. Defendant Seeley converted this property to his own use by, inter alia, maliciously deleting the computer files or encrypting them on the MacBook Pro, failing to provide passwords or other information needed to transfer access to the CAFE Foundation's online accounts, and by utilizing the CAFE Foundation's contact list, photographs and other materials to, inter alia, advertise and promote Defendants' symposium.

53. The CAFE Foundation has requested that Defendant Seeley immediately provide access to the computer files, online accounts, and the CAFE Foundation's contact list. The CAFE Foundation has also demanded that the Defendants cease and desist from using the contact list, photographs and other materials belonging to the CAFE Foundation and to return these to Plaintiff, but Defendants have failed and refused, and continue to fail and refuse, to do so.

54. Defendant Seeley's acts of submitting personal expenses to the CAFE Foundation for reimbursement has hereinbefore alleged and accepting payment from the CAFE Foundation for those expenses is further conversion of the CAFE Foundation's property.

55. Defendants' actions are resulting in substantial damage to the CAFE Foundation in an amount to be determined at trial.

56. The Defendants' acts were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## EIGHTH CLAIM

## BREACH OF FIDUCIARY DUTY

57. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 56.

58. Until his resignation on October 15, 2015, Defendant Seeley was a duly elected director of the CAFE Foundation, a nonprofit public benefit corporation and owed a fiduciary duty to the corporation.

59. Plaintiff is informed and believes that prior to his resignation, Defendant Seeley intended to, and conspired with others to defraud the CAFE Foundation of its assets. Defendant Seeley did defraud the CAFE Foundation in that, contrary to the best interests of the CAFE Foundation, and in violation of his duty to the CAFE Foundation, Defendant Seeley formed Defendant Sustainable Aviation Foundation and promoted an symposium for electrical aviation technology for the benefit of Defendant Sustainable Aviation Foundation as if it were the CAFE Foundation's tenth annual Electric Aircraft Symposium, or EAS. Defendant Seeley also used other assets of the CAFE Foundation, including photographs, a contact list and other computer files to promote Defendant Sustainable Aviation Foundation's event. Additionally, Defendant Seeley submitted personal expenses to the CAFE Foundation for reimbursement and accepted funds from the CAFE foundation for those personal expenses.

60. As a result of the breach of fiduciary duty owed by Defendant Seeley to the CAFE Foundation, the CAFE Foundation has been damaged in an amount to be determined at trial. The acts and conduct of Defendant Seeley were oppressive, fraudulent, and malicious, in that he knew

that the promotion of a tenth annual Electric Aircraft Symposium for the benefit of Defendant Sustainable Aviation Foundation would ruin the CAFE Foundation's efforts to host its planned tenth annual Electric Aircraft Symposium EAS X because speakers and attendees would believe that in committing to attend Defendants' symposium they were committing to attend the CAFE Foundation's symposium.

## NINTH CLAIM

## DECLARATORY RELIEF

61.     Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 60.

62.     An actual and justifiable controversy presently exists between the CAFE Foundation and Defendants with regard to the ownership of PADA and the PADA trophy. Defendants refuse to acknowledge the CAFE Foundation's ownership, claiming that Defendant Seeley personally owns PADA and the PADA trophy. Accordingly, the CAFE Foundation seeks, and is entitled to, a declaratory judgment from this Court pursuant to 28 U.S.C. § 2201, that the CAFE Foundation and not Defendant Seeley owns PADA and the PADA trophy.

63.     An actual and justifiable controversy presently exists between the CAFE Foundation and Defendant Seeley with regard to the ownership of the copyright to the "Regional Sky Transit" paper submitted to the American Institute of Aeronautics and Astronautics. Accordingly, the CAFE Foundation seeks, and is entitled to, a declaratory judgment from this Court pursuant to 28 U.S.C. § 2201, that the CAFE Foundation and not Defendant Seeley owns copyright in the paper.

## PRAYER

Wherefore, Plaintiff prays:

1.     For an order requiring Defendants to show cause why they should not be enjoined as set forth herein, during the pendency of this action, upon application for such by Plaintiff;

2.     That Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined

from: (a) using "ELECTRIC AIRCRAFT SYMPOSIUM," "EAS," "EAS2016" or any colorable imitation thereof in connection with a symposium regarding electrically powered aircraft; (b) using any service mark that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of the CAFE Foundation's Electric Aircraft Symposium or its connectedness to Defendants;

3. That Defendants be enjoined from holding a symposium concerning electrically powered aircraft until after August 2016;

4. That Defendants be required to file with the Court and serve on the CAFE Foundation within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by the CAFE Foundation resulting from the acts alleged herein;

6. That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to the CAFE Foundation for any and all profits derived by them from their illegal acts complained of herein;

7. That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing or advertising ELECTRIC AIRCRAFT SYMPOSIUM, EAS, EAS2016, and/or other designation that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of the CAFE Foundation's symposium or services or their connectedness to Defendants or as well as all plates, matrices, and other means of making the same;

8. That Defendant Seeley be ordered to: (1) deliver to the CAFE Foundation all files transferred from or encrypted on the MacBook Pro computer; (2) return and cease use of the CAFE Foundation's contact list; (3) return to the CAFE Foundation the hard disk containing video of the EAS 2015, another hard disk (Seagate Backup Plus Slim 1 TB), 1 Fry's video mic and speakers, 2 EmTec 32GB USB 2.0, and numerous other 16GB and 4GB flash drives, cables

and adapters; (4) provide access to the CAFE Foundation's online accounts so that the contact person on those accounts can be transferred from Defendant Seeley to a person in good standing at the CAFE Foundation; (5) pay to CAFE Foundation the sum of $703.18, or other amount according to proof, for personal expenses of Defendant Seeley paid for by the CAFE Foundation.

9. That this Court declare that the CAFE Foundation has the right's to host the Personal Aircraft Design Academy and is owner of the PADA trophy.

10. That this Court declare that the CAFE Foundation is the owner of the copyrights in the Regional Sky Transit paper.

11. That Defendants be ordered to pay compensatory damages in an amount to be determined at trial;

12. That Defendants be ordered to pay punitive damages in amount to be determined at trial;

13. That the Court declare this to be an exceptional case and award the CAFE Foundation treble damages, its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

14. That the Court grant the CAFE Foundation any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

15. For such and other further relief that the court deems just and proper.

Dated:  February 5, 2016					CARLE, MACKIE, POWER & ROSS LLP


						By:   /s/ RICHARD C. O'HARE
							Richard C. O'Hare
							Willard A. Carle III

							100 B Street, Suite 400
							Santa Rosa, CA 95401
							Telephone: (707) 526-4200
							Facsimile: (707) 526-4707

							Attorneys for Plaintiff
							CAFE FOUNDATION, INC.

CARLE, MACKIE, POWER & ROSS LLP

15

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

**DEMAND FOR JURY TRIAL**

As set forth in its Complaint and prayer for relief, Plaintiff hereby requests a trial by jury in this matter.

Dated: February 5, 2016                    CARLE, MACKIE, POWER & ROSS LLP

By:   /s/ Richard C. O'Hare
          Richard C. O'Hare
          Willard A. Carle III

          100 B Street, Suite 400
          Santa Rosa, CA 95401
          Telephone: (707) 526-4200
          Facsimile: (707) 526-4707

          Attorneys for Plaintiff
          CAFE FOUNDATION, INC.